IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES WILLIAM BAILEY, IV          )
AIS # 200587                      )
                                  )
          Petitioner,             )
                                  )
     v.                           ) Civil Action No. 1:11cv321-WHA-TFM
                                  )                 (WO)
TONY PATTERSON, *et al.*,          )
                                  )
          Respondents.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for a writ of habeas corpus under 28

U.S.C. § 2254 filed by Alabama inmate James William Bailey, IV ("Bailey" or "Petitioner").

## I.   BACKGROUND

On May 14, 2008, a jury in Houston County, Alabama, found Bailey guilty of

trafficking in methamphetamine, a violation of § 13A-12-231(6), Ala. Code 1975; unlawful

manufacturing of a controlled substance in the first degree, a violation of § 13A-12-218, Ala.

Code 1975; and possession of precursor materials, a violation of § 13A-20-2-190, Ala. Code

1975.  On June 17, 2008, the trial court sentenced Bailey as a habitual offender to concurrent

sentences of life imprisonment for trafficking in methamphetamine and manufacturing a

controlled substance and a consecutive sentence of eighteen years' imprisonment for

possessing precursor materials.

Bailey appealed, raising the following claims:

1.     Whether the trial court abused its discretion and violated

Bailey's Fourth, Fifth, and Fourteenth Amendment Constitutional Rights and his rights under Article I, §§ 5 & 6 of the Constitution of Alabama 1901, by denying his Motion to Suppress where the evidence presented at the pre-trial hearing clearly showed that due process protections were not afforded to him when the warrant was obtained or executed and that the evidence seized as a result of the search was fruit of the poisonous tree.

2.      Whether Bailey was denied his Sixth Amendment Constitutional Rights and his rights under Article I, § 6 of the Constitution of Alabama 1901 to a speedy trial where he had preserved the right, demanded a trial of his cases, and had not been brought to trial for nearly four years and had been housed in Holman Prison for the majority of time prior to his trial.

3.      Whether Bailey was denied his Fifth and Sixth Amendment Constitutional rights and his rights under the Constitution of Alabama 1901, Article I, Section 6 to a fair trial when the trial court denied admission into evidence the document of Bailey's revocation proceeding which contained exculpatory evidence taken under oath, although purportedly hearsay.

4.      Whether the trial court erred in denying Bailey's Motions for Judgment of Acquittal and/or Motion for New Trial because there was insufficient evidence to establish the criminal knowledge or intent necessary for conviction where the District Attorney failed to prove beyond a reasonable doubt his guilt.

(Doc. No. 8-1, Respondent's Ex. A, Appellant's Br., pp. 13-14).

On August 7, 2009, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Bailey's convictions and sentence. (Doc. No. 8-3, Respondent's Exh. C). The appellate court overruled Bailey's application for rehearing on September 25, 2009. On October 9, 2009, Bailey petitioned the Alabama Supreme Court for certiorari review (Doc. No. 8-4; Respondent's Ex. D). The Alabama Supreme Court granted his

request for certiorari review with respect to his first ground.  (Doc. No. 8-5, Respondent's

Ex. E).  In his brief, Bailey asserted the following issue for review:

> Whether the Court of Criminal Appeals erred in affirming
> Bailey's conviction when the trial court violated Bailey's
> Fourth, Fifth, and Fourteenth Amendment Constitutional Rights
> and his rights under Article I, §§ 5 and 6 of the Constitution of
> Alabama 1901, by denying Bailey's Motion to Suppress where
> the evidence presented at the suppression hearing clearly
> showed that due process protections were not afforded Bailey
> when the warrant used to search the residence was obtained
> and/or executed without being sworn to; where the judge who
> issued the warrant failed to act as an independent magistrate;
> where the deputies who obtained and executed the warrant could
> not have relied upon it as being valid warrant and where the
> evidence seized as a result of said invalid warrant was an illegal
> search and the evidence obtained was fruit of the poisonous tree
> and where the search of the house was, in essence a warrantless
> search without probable cause plus exigent circumstances and
> the evidence from the search was illegally obtained.

(Doc. No. 8-6, Appellant's Br., p. 8). On January 14, 2011, the Alabama Supreme Court

issued a certificate of judgment.  (Doc. No. 8-8, Respondent's Ex. H).

On December 19, 2011, Bailey filed with the Houston County Circuit Court a post-

conviction petition pursuant to Ala.R.Crim.P. 32, asserting the following claims:

> 1. Trial counsel was ineffective for failing to present evidence
>    from his parole revocation hearing.  Specifically, he argues the
>    testimony given by Heather Lynn Brown was an exculpatory
>    statement against penal interest and should have been admitted
>    during his trial.
>
> 2. Trial counsel was ineffective for failing to make a cognizable of
>    juror discrimination regarding *Batson v. Kentucky*. This
>    deficiency deprived petitioner of a fair trial under the Sixth

> Amendment to the United States Constitution and deprived
> Petitioner of due process and equal protection of the law under
> the 14th Amendment to the United States Constitution.

(Doc. No. 19-1, Petitioner's Brief). On January 30, 2012, the trial court entered a written order denying Bailey's state post-conviction petition. (Doc. No. 19-2).  Bailey appealed, asserting the following claims:

1. It was a denial of due process of law for the court to fail to state the basis for its decision to grant the State's request for summary disposition.

2. It was an abuse of the court's discretion to summarily dismiss the Rule 32 post-conviction's claims of ineffective assistance of counsel.

3. The Circuit Court should have granted him an evidentiary hearing pursuant to Rule 32.9(a), Ala.R.Crim.P. rather than granting the State's request for summary disposition pursuant to Rule 32.7(d).

(Doc. No. 19-3, Appellant's Br., p. 2).

On November 30, 2012, the Alabama Court of Criminal Appeals entered a memorandum opinion affirming the trial court's denial of Bailey's Rule 32 petition.  (Doc. No. 19-5, Respondents' Exh. M).  On August 16, 2013, the Alabama Supreme Court denied his petition for certiorari review. (Doc. No. 19-6, Respondents' Ex. N).  A certificate of judgment was issued on August 16, 2013. (Doc. No. 19-7, Respondents' Exh. O).

Baily filed this 28 U.S.C. § 2254 petition for habeas corpus relief on April 17, 2011. (Doc. No. 1).  In his petition, Bailey asserts the following claims:

1.      The trial court erroneously denied his motion to suppress evidence based on allegations of an invalid search warrant and invalid search warrant affidavit.

2.      The trial court erroneously denied his motion to suppress evidence based on his allegation that the police officer obtaining the warrant knew he was supposed to be placed under oath.

3.      The trial court erroneously denied his motion to suppress evidence based on the judge issuing the search warrant without placing the affiant under oath and in violation of criminal procedural rules.

4.      The trial court erroneously denied his motion to suppress evidence based on the issuing judge not recording the conversation between the judge and the affiant.

5.      The trial court erroneously denied his motion to suppress evidence based on a lack of sufficient probable cause known by the affiant.

6.      The trial court erroneously denied his motion to suppress evidence based on a finding of good faith that he contends was not reasonable because the officer should have known he did not have a valid warrant and the warrant lacked probable cause because it was not sworn.

7.      The trial court erroneously denied his motion to suppress evidence based on allegations that the police officer obtaining the warrant "intentionally and deliberately disregarded" provisions of the Alabama Rules of Criminal Procedure by not being sworn by the issuing judge although the officer knew he was supposed to be.

(*Id*.).  On June 6, 2011, the respondents filed an answer to Bailey's petition.  On June 23, 2011, Bailey filed a response, in which he asserts that the claims in his federal petition include assertions that his constitutional rights to due process and equal protection of the law

were violated and that the state court proceedings were a miscarriage of justice. (Doc. No. 10, Petititioners' Response). On October 03, 2013, Bailey filed an Amendment to the Petition, in which he asserts that trial counsel was ineffective during the suppression hearing for failing to argue that a prior hearsay statement made by a co-defendant should have been admitted as a statement against penal interest. (Doc. No. 13, Petitioner's Motion to Amend Habeas Corpus Petition). On November 19, 2013, the respondents filed a Second Supplemental Answer. (Doc. No. 19). Following a careful review of Bailey's petition and the parties' submissions, the undersigned finds, for the reasons set forth below, that Bailey is not entitled to habeas relief on the basis of any of his claims and that his petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

### A.   Claimed Fourth Amendment Violations

In Counts One through Seven of the original petition (Doc. No. 1), Bailey challenges the trial court's failure to grant his Motion to Suppress the evidence based on the insufficiency and/or invalidity of the search warrant and affidavit. The respondents argue that, under *Stone v. Powell*, 428 U.S. 465 (1976), the claims are not subject to federal habeas review because the state courts provided Bailey an opportunity for full and fair litigation of the Fourth Amendment issue.

Under *Stone v. Powell, supra*, "where the State has provided an opportunity for full

and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." This rule applies to all claims arising under the Fourth Amendment.[1]  *See, e.g., Cardwell v. Taylor*, 461 U.S. 571, 572 (1986).  Bailey was afforded an evidentiary hearing in the trial court on his motion to suppress, after which the trial court entered an order containing findings of fact and conclusions of law and denying Bailey's motion.  On direct appeal, the Alabama Court of Criminal Appeals rejected Bailey's claim that his motion to suppress should have been granted, finding in pertinent part as follows:

> Bailey first contends that the circuit court abused its discretion by denying his motion to suppress evidence seized under a search warrant that was determined by the court to be invalid.  Specifically, Bailey contends that the search of his house pursuant to an invalid warrant amounted to a warrantless search without probable cause or exigent circumstances and thus violated his constitutional rights.
>
> The evidence adduced at the suppression hearing indicated the following pertinent facts.  In December 2004, Officer Scott Langley, who at that time was a deputy with the Houston County Sheriff's Department, requested a search warrant for a residence based on information received from other investigators and an informant that Bailey and a female were in possession of methamphetamine and chemicals used in manufacturing methamphetamine.  Further, Allen Hendrickson, an investigator with the Henry County Sheriff's Department, advised Officer Langley that he had

---

[1] The rule in *Stone* is applicable despite *legal or factual error* in the state court, and does *not* require a federal court to review the state court's factfinding or its application of Fourth Amendment law.  *See Willett v. Lockhart*, 37 F.3d 1265, 1272-73 (8th Cir. 1994) (federal courts "are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation.").

smelled a strong chemical odor associated with the manufacture of methamphetamine at the residence while he was conducting an interview with Bailey and the female.  After compiling the above evidence in an affidavit form, Officer Langley telephoned Judge C. Lawson Little to secure a warrant. Officer Langley testified that he based his request for the warrant on reliable information and that he had filed the warrant in good faith.  According to Officer Langley, Judge Little did not swear him in before hearing the evidence in support of the search-warrant request.  Officer Langley explained that he appeared before Judge Little when he made the return on the search warrant and that Judge Little signed the warrant at that time.

Judge Little had no independent recollection of issuing the search warrant.  Judge Little acknowledged that he authorized warrants by telephone. Judge Little explained that he usually made the officer requesting the warrant tell him the basis of the affidavit for the search warrant and he would then determine if the basis offered was sufficient.  Judge Little testified that he did not always swear in the affiant and that he could not remember whether he did in this case.

Based on the evidence received at the suppression hearing, the circuit court held that the search warrant was invalid.  However, the circuit court concluded that the evidence seized upon execution of the search warrant was admissible under the good-faith exception under the exclusionary rule.  "The good faith exception provides that when officers acting in good faith, that is, objectively reasonable reliance on a warrant issued by a neutral, detached magistrate, conduct a search and the warrant is found to be invalid, the evidence need not be excluded."  *Rivers v. State*, 695 So. 2d 260, 262 (Ala. Crim. App. 1997).

In *United States v. Leon*, 468 U.S. 897 (1984), a case relied on by the circuit court, the United States Supreme Court recognized four circumstances in which the good-faith exception was inapplicable: (1) when the magistrate or judge relies on information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) when the magistrate wholly abandons his judicial role and fails to act in a neutral and detached manner; (3) when the warrant is based on an affidavit so lacking an indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant is so facially deficient that the executing officer cannot reasonably presume it to be valid.

8

Bailey argues on appeal that Judge Little's conduct and the conduct of Officer Langley do not support the application of the good-faith exception in the instant case. Bailey argues that Judge Little abandoned his judicial role and failed to act in a neutral and detached manner. However, the evidence presented at the suppression hearing establishes that none of the circumstances set forth in *Leon* were present in this case to negate the good-faith exception. Judge Little required Officer Langley to set forth the specific evidence upon which he was basing the request for the search warrant. Only after hearing that evidence did Judge Little agree to issue the search warrant. Judge Little's failure to swear in Officer Langley before issuing the search warrant does not, in and of itself, evidence an abandonment of a judicial role and a lack of neutrality. The evidence does not support a conclusion that Judge Little wholly abandoned his judicial role. *See Leon*, *supra*. Therefore, the circuit court did not abuse its discretion by denying the motion to suppress.

(Doc. No. 8-3, Respondents' Ex. C, pp. 2-6).

Here, for purposes of *Stone*, Bailey clearly had a "full and fair" opportunity to litigate his Fourth Amendment claim in the state courts. He was afforded an evidentiary hearing in the trial court on his motion to suppress, followed by a direct appeal to the Alabama Court of Criminal Appeals and an application for discretionary review by the Alabama Supreme Court. The trial court's order denying Bailey's motion to suppress and the appellate opinion by the Alabama Court of Criminal Appeals make plain that both the trial court and the appellate court fully and fairly considered the Fourth Amendment claims raised by Bailey. Under the principle set forth by the United States Supreme Court in *Stone v. Powell*, this court is precluded from reviewing the state court's determination.[2] *See Peoples v. Campbell*,

---

[2] Bailey argues that his challenge to the search of his property also includes an assertion of a violation of his constitutional rights to due process and equal protection under the law. Bailey's claims, despite his effort to redefine them, arise from the Fourth Amendment's protection "against

(continued...)

377 F.3d 1208, 1225 (11th Cir. 2004); *Huynh v. King*, 95 F.3d 1052, 1057–58 (11th Cir. 1996); *Morgan v. Estelle*, 588 F.2d 934, 940 (5th Cir. 1979).

**B.      Ineffective Assistance of Counsel**

In his Amendment to the § 2254 Petition, Bailey asserts that trial counsel was ineffective for failing to argue that a prior hearsay statement made by a co-defendant should have been admitted as a statement against penal interest. Bailey also raised this claim in his Rule 32 petition to the state court. In its written order denying Bailey's Rule 32 petition, the Houston County Circuit Court summarily granted the State's Motion for Summary Disposition. (Doc. No. 19-2, January 30, 2012 Order). On November 30, 2012, the Alabama Court of Criminal Appeals entered a memorandum opinion affirming the trial court's denial of Bailey's Rule 32 petition.

---

[2](...continued)
unreasonable searches and seizures." His effort to restyle his claims as substantive due process and equal protection claims are to no avail as they are clearly based on the specific text of the Fourth Amendment and are therefore precluded under *Stone*, *supra*.

To the extent Bailey argues that *Stone* deprives him of his First Amendment right to petition for redress and is therefore an unconstitutional denial of his access to court, he is entitled to no relief in this 2254 proceeding. This argument does not affect the validity of his confinement and therefore provides no basis for habeas relief. Moreover, Bailey's right to access to the courts was clearly invoked and satisfied through the state court proceedings where he had a opportunity to present his constitutional claims in full.

In addition, Bailey generally asserts that the application of *Stone* to his claims is a miscarriage of justice. he fundamental miscarriage of justice exception to defaulted claims in habeas corpus proceedings involves assertions of actual innocence. "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 532 U.S. 538, 559 (1998). Consequently, he is entitled to no relief with respect to these claims in this habeas proceeding.

"A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)." *Price*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852; *Williams*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518.  Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, the Supreme Court held:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523.

The Court subsequently explained that habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme

11

Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853. Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams*, [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). Thus, a federal court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an ***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law." *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." 529 U.S. at 411, 120 S.Ct. at 1522.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented

in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)."  *Price*, 538 U.S. at 639, 123 S.Ct. at 1852.  The Supreme Court admonishes that such *de novo* evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...."  538 U.S. at 636, 123 S.Ct. at 1851.  As is clear from the foregoing, a federal "district court's review ... [of claims decided by the state courts] is greatly circumscribed and highly deferential to the state courts."  *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2007).  The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 694 (2002).

On direct appeal, the Alabama Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984), and determined that Bailey failed to meet his burden of proof on this claim.  The appellate court found:

> Bailey contended in his Rule 32 petition that his trial counsel was ineffective because, he said, his trial counsel "completely missed the opportunity to present the correct hearsay exception to the [circuit] court ion his efforts to convice that court to allow the admission of Heather Brown's testimony given at [Bailey's] parole court hearing."  To support his claim, Bailey attached to his Rule 32 petition a document from the Board of Pardons

13

and Paroles that states the following:

> "Heather Brown, witness for parolee, testified that she and Bailey were having some financial problems and that Bailey had decided to go live with his mother for awhile.   Brown testified that a friend of hers came up with a solution for her to make some money.  Brown testified that she gave him a place to manufacture meth and that she (Brown) sold it.  Brown testified that as soon as Bailey found out about the lab, he advised her to get rid of it and told her he could not be with a 'crack whore' and that he was not going back to jail for her.  Brown testified that Bailey had been trying to do right."

(C. 134.)   Bailey contended that his trial counsel should have argued that Brown's testimony at Bailey's parole hearing is admissible as "a statement against penal interest to the extent that it exculpated Bailey of the offenses of possession of precursor chemicals, manufacturing methamphetamine, and trafficking and inculpated Brown in the offenses."  (C. 18.)  Thus, it appears that Bailey alleges that another person – Brown – committed the offense for which he was charged.

Initially, we question whether Bailey satisfied his burden of pleading on this claim.  With regard to the burden of pleading in Rule 32 this Court has held:

> "Rule 32.3 states that '[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.' Rule 32.6(b) states that '[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.' As this Court noted in *Boyd v. State*, 913 So. 2d 1113 (Ala. Crim. App. 2003):
>
> > ""Rule 32.6(b) required that the <u>petition</u> itself disclose the <u>facts</u> relied upon in seeking relief." *Boyd v. State*, 746 So., 2d 364, 406 (Ala. Crim. App. 1999).  In other words, it is not the pleading

14

of a <u>conclusion</u> "which, if true, entitle[s] the petitioner to relief." *Lancaster v. State*, 638 So. 2d 1370, 1373 (Ala. Crim. App. 1993). It is the allegation of <u>facts</u> in pleading which, if true, entitle[s] a petitioner to relief. After <u>facts</u> are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R. Crim. P., to present evidence proving those alleged facts.'"

"913 So. 2d at 1125. The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See Bracknell v. State, 883 So. 2d 724 (Ala. Crim App. 2003)."

*Hyde v. State*, 950 So. 2d 344, 356-57 (Ala. Crim. App. 2006) (emphasis in original).

Rule 804(b)(3), Ala. R. Evid., states:

"(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

". . . .

"(3) Statement against interest. A statement which was at the time of its making so contrary to the declarant's pecuniary or proprietary interest that a reasonable person in the declarant's position would not have made the statement unless believing it to be true."

Thus, Bailey had to plead sufficient facts to show that Brown was unavailable and that the statement that she made was against her "pecuniary or proprietary

interest."

Here, although Bailey claimed in his petition that "Brown had fled prosecution," he did not plead facts that would establish Brown's unavailability under Rule 804(a), Ala. R. Evid., which states as follows:

> "(a) Grounds of Unavailability.  'Unavailability as a witness' includes situations in which the declarant –
>
> "(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement despite an order of the court to do so; or
>
> "(2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so; or
>
> "(3) now possesses a lack of memory of the subject matter of the declarant's statement; or
>
> "(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or
>
> "(5) is absent from the hearing and the proponent of the statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under subsection (b)(2), (3) or (4), the declarant's attendance or testimony) by process or other reasonable means."

Specifically, Bailey did not plead facts that would establish that Brown would not attend Bailey's trial and testify in his behalf, that Brown did not remember the subject matter of her statement, that Brown would refuse a court order to testify, that Brown was unable to testify because of "death or then existing physical or mental illness or infirmity," or that Brown would have been "exempted by ruling of the court on the ground of privilege."  Although we recognize that the subject matter of Brown's testimony would have been subject to the privilege against self-incrimination, "there would have had to have been evidence that [Brown] would have invoked the Fifth Amendment to show [her] actual unavailability." *Flowers v. State*, 586 So. 2d 978, 986 n.3

16

(Ala. Crim. App. 1991).

> Thus, Bailey failed to plead that Brown was, in fact, unavailable; therefore, Bailey did not sufficiently plead the underlying premise of his ineffective-assistance-of-counsel claim. Accordingly, the circuit court did not abuse its discretion when it summarily dismissed this claim.

(Doc. No. 19-5, Respondents' Ex. M, pp. 6-9). Thus, the Alabama Court of Criminal Appeals adopted the trial court's findings as part of its opinion and applied *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that the Houston County Circuit Court correctly denied Bailey relief on his claim that trial counsel was ineffective for failing to argue that Ms. Brown's statement should have been admitted as a statement against penal interest. (Doc. No. 19-5, Respondents' Exh. M). *Strickland* sets forth the clearly established federal law on this issue.

With respect to Bailey's claim of ineffective assistance of trial counsel, the court decided this claim adversely to Bailey on the merits. *Id*. at 3. Thus, this court will determine whether rejection of Bailey's claim of ineffective assistance of counsel by the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."). 28 U.S.C. § 2254(d)(1).

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. The petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel. First, the petitioner must establish that the performances of his attorneys "fell below an objective standard of reasonableness."

17

*Strickland* 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.*  Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense.  *Id.* at 687.  To establish prejudice, the petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him.  *Williams v. Taylor*, 529 U.S. at 393 n. 17 (2000).  There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

This court must first resolve whether the Alabama Court of Criminal Appeal's decision to reject the ineffective assistance of trial counsel claims was an unreasonable application of the *Strickland* standard.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance.  Instead, we decide only whether the state court's decision of the issue is objectively

> unreasonably.  *See Williams v. Taylor*, 529 U.S. 362, 411, 120
> S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §
> 2254(d)(1)'s 'unreasonable application' clause, then, a federal
> habeas court may not issue the writ simply because that court
> concludes in its independent judgment that the relevant state-
> court decision applied clearly established federal law
> erroneously or incorrectly.  Rather, that application must also be
> unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th
> Cir. 2001)("It is the objective reasonableness, not the
> correctness *per se*, of the state court decision that we are to
> decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).

The Alabama Court of Criminal Appeals applied *Strickland* in its review of Bailey's claim that trial counsel was ineffective for failing to argue that a prior hearsay statement made by a co-defendant should  have been admitted as a statement against penal interest. Upon thorough review of the evidentiary materials submitted in this case, it is clear that the rejection of Bailey's ineffective assistance of trial counsel claims by the Alabama Court of Criminal Appeals was objectively reasonable as Bailey failed to show that the performance of counsel fell below a subjective standard of reasonableness.  The state court likewise did not decide Bailey's claims of ineffective assistance of  trial counsel "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state court apply a rule that contradicts governing federal law. *Williams*, 362 U.S. at 412. Consequently, the state appellate court's rejection of these claims was not contrary to actual Supreme Court decisions or an unreasonable application of clearly established federal law. In addition, the decisions issued by the Alabama Court of Criminal Appeals on Bailey's

claims of ineffective assistance of trial counsel constituted a reasonable determination of the facts in light of the evidence presented by the parties. Habeas relief is therefore unwarranted on Bailey's claims of ineffective assistance of trial counsel.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Bailey be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before **September 26, 2012,]** the parties shall file objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day September, 2014.

   /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATE MAGISTRATE JUDGE